UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. <u>6:24-CR-10-CHB</u>

UNITED STATES OF AMERICA                                               PLAINTIFF

V.                            **PLEA AGREEMENT**

JUDITH HARSKEY                                                          DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to sole count of the Indictment, charging conspiracy to knowingly and intentionally distribute and dispense a quantity of pills containing oxycodone and methadone, both Schedule II controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) & 846 (the "Offense"). Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of the Offense are:

    (a) Two or more persons conspired or agreed to distribute Schedule II controlled substances, to include oxycodone and methadone; and

    (b) The Defendant knowingly and voluntarily joined in this conspiracy.

3. The United States could prove the following facts that establish the essential elements of the Offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) Beginning in or about a day in 2019, the exact date unknown, and continuing through on or about November 18, 2022, in Perry County, in the Eastern District of Kentucky, and elsewhere, the Defendant conspired with others to distribute Schedule II controlled substances, including oxycodone and methadone. At all times during the conspiracy, the Defendant knew that oxycodone and methadone were controlled substances.

(b) As part of this conspiracy, the Defendant worked as a receptionist at the Midwest Physician Pain Center, a pain clinic in Chicago, Illinois. During the conspiracy period, numerous Perry County patients regularly traveled to this clinic and, without seeing a doctor, paid the Defendant a cash co-pay and the Defendant filled out prescriptions—previously signed by the absent owner/physician—for oxycodone, methadone, and other controlled substances. The Defendant has never possessed prescribing authority.

(c) Between February of 2021 and November of 2022, the DEA conducted multiple recorded controlled visits at the clinic. During a February 24, 2021, visit an undercover officer accompanied a Kentucky-based cooperating source (and existing clinic patient) to the clinic. The cooperator identified the undercover to the Defendant as his friend "Tom" and advised the Defendant that "Tom" would be picking up prescriptions for him for the next few months. Aware that the cooperator lived out-of-state, the Defendant advised the source of the need to secure Illinois identification and suggested that the cooperator get together with other patients to book an extended stay hotel room for that purpose. The Defendant then provided the cooperator, who had seen no doctor, prescriptions for methadone and oxycodone.

(d) In a subsequent March 26, 2021, visit, the Defendant filled out and provided the undercover, unaccompanied by the cooperator, methadone and oxycodone prescriptions intended for the cooperator. During April, May, and June visits, the Defendant completed and provided the unaccompanied undercover methadone prescriptions intended for the cooperator but stated during the April visit that "she [could not] write the prescription for Percocet" (oxycodone) because of missing documentation. Ultimately, when DEA executed a search warrant on November 18, 2022, at the clinic they recovered 541 blank, pre-signed prescriptions from the Defendant's office, including 30 from her purse.

4. The statutory punishment for Count One is not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment

2

to the U.S. District Court Clerk as directed by the Court.

  5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

  (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

  (b) Pursuant to U.S.S.G. §§ 1B1.3 & 2D1.1, the base offense level is 24 because the Defendant's relevant conduct includes at least 100 KG but less than 400 KG of Converted Drug Weight.

  (c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

  6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

  7. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

  8. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

9. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

10. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

11. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 7/12/24    By: _____
W. Pearce Nesbitt
Assistant United States Attorney

Date: 7/12/24    _____
Judith Harskey
Defendant

Date: 7/12/2024    _____
William Daniel Carman
Attorney for Defendant