UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON
CASE NO. 6:24-cr-010-CHB-1

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

V.

**JUDITH HARSKEY**                                              **DEFENDANT**

### SENTENCING MEMORANDUM

\* \* \* \* \* \* \*

Comes now the Defendant, Judith Harskey, by counsel, and respectfully submits this Sentencing Memorandum for the Court's consideration in determining an appropriate, reasonable sentence. Judy has pleaded guilty to one count of Conspiracy to Knowingly and Intentionally Distribute a Quantity of Pills Containing Oxycodone and Methadone, both Schedule II Controlled Substances, in violation of 21 U.S.C. § 846. Based on the Presentence Investigation Report, Judy's Total Offense Level has been calculated at 17, and she falls within Criminal History Category I.

### I. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

This memorandum will address the statutory sentencing factors under 18 U.S.C. § 3553(a) and demonstrate that a sentence of no greater than **18 months**, somewhat below the applicable guideline range (24 – 30 months), would be "sufficient, but not greater than necessary" to comply with the purposes of sentencing.

### A. The Nature and Circumstances of the Offense

The offense involves a conspiracy to distribute controlled substances in the context prescriptions in a doctor's office. Judy acknowledges the seriousness of the offense and recognizes the harmful impact that controlled substance distribution has on communities, including those in the Eastern District of Kentucky. In this case, she was provided pre-signed prescription pads by her employer, a physician, to fill out and distribute to patients when they visited. She acknowledges that regardless of what her employer wished for her to do, under the law she was not allowed to operate in the way that she did, and on various occasions prescriptions for controlled substances were dispensed without the proper measures and safeguards in place.

### B. The History and Characteristics of the Defendant

Judy is a 56-year-old woman with some – but not significant – criminal history. She suffers from a variety of physical and mental health conditions, but takes care of her grandson daily while her daughter works. Judy has been in active, successful recovery for substance abuse for many years. She has significant support from her family and longtime friends, which can be gleaned from the letters filed contemporaneously with this memorandum. Outside of the setting of the doctor's office where she worked (but has no longer since her resignation), it appears that she poses no threat to the public, and otherwise lives a fairly normal, contributing, productive life.

### C. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment

Ms. Harskey's conduct was very serious, and she acknowledges her responsibility for the offense. Punishment is a part of the Court's consideration when deciding an appropriate sentence. However, a sentence somewhat below the applicable guideline range would appropriately reflect the gravity of her offense without imposing an unduly harsh punishment.

### D. The Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct

In regard to specific deterrence, now having removed herself from the work environment of a doctor's office, and facing a federal criminal prosecution and the specter of a prison sentence, Judy is utterly and completely deterred from future criminal conduct. In regard to general deterrence, anyone in Judy's former position, or one like it, knowing of this prosecution should be adequately deterred from dispensing prescriptions as she did upon her receiving a sentence of up to 18 months. Such a sentence will serve as a significant deterrent, not only for Judy but also for others who might be tempted to engage in similar conduct. The loss of freedom and the stigma of a federal conviction will be a lasting consequence for her and an ongoing reminder of her obligation to abide by the law.

### E. The Need to Protect the Public from Further Crimes of the Defendant

Judy's s lack of serious and recent criminal history and low risk of reoffending make it unlikely that she would pose any future threat to the public. Her no longer working on a health care setting, her genuine remorse, and commitment to her family suggest that any involvement in criminal conduct is unlikely to occur in the future.

### F. The Need to Provide the Defendant with Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Judy, at the age of 56 and with disabilities, may not be a candidate for educational and vocational training as much as other defendants, but she is indeed in need of medical health care. Any custodial sentence, and certainly one longer than 18 months, will undoubtedly impair to some degree, at least, her ability to receive adequate medical care.

## II. RECOMMENDATION FOR SENTENCING AND CONCLUSION

In light of the § 3553(a) factors, Judy respectfully requests a custodial sentence of no more than 18 months, which is below the applicable, calculated guideline range. Such a sentence would adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment while also allowing her the opportunity to rebuild her life and provide deterrence from future criminal conduct, and be "sufficient, but not greater than necessary" to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).

Respectfully submitted,

BY:   /s/ Dan Carman
Dan Carman
Attorney at Law, PLLC
111 Church Street
Lexington, Kentucky 40507
(859) 685-1055 (office)
(859) 396-1049 (cell)
(859) 376-1228 (facsimile)
E-mail: dan.carman.attorney@gmail.com
*Counsel for the Defendant, Judith Harskey*

## CERTIFICATE OF SERVICE

On November 5, 2024, I electronically filed this document through the CM/ECF system, which will send the notice of electronic filing to all counsel of record, including Hon. William Nesbitt, Assistant United States Attorney.

BY:  /s/ Dan Carman
     Dan Carman